[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17058
Non-Argument Calendar
_____

Agency No. A76-410-736

PIERRE A. DANIEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 28, 2006)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Pierre A. Daniel, through counsel, petitions for review of an order issued by the Bureau of Immigration Appeals ("BIA") dismissing his appeal from the denial by the immigration judge ("IJ") of his claim for withholding of removal under the Immigration and Nationality Act ("INA"). The BIA concluded that country conditions had changed such that former anti-military demonstrators like Daniel would not be singled out for persecution. Because substantial evidence in the record supports this conclusion, we DENY the petition.

## I. BACKGROUND

In September 1993, Daniel, a native and citizen of Haiti, arrived in the United States without being properly admitted or paroled. He had fled Haiti after he was beaten by the military for organizing an anti-military protest. In 1998, he sought asylum and withholding of removal. The order we consider was issued by the BIA in November 2005, following an appeal from the IJ's denial of Daniel's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

The BIA's order observed that Daniel's past persecution had come at the hands of the Haitian military and that the military had been disbanded in 1995.

2

The BIA acknowledged that there was still crime and violence in Haiti but that there was insufficient evidence to establish that Daniel had an objectively reasonable basis to believe that he would be sought out for future persecution based on his membership in a particular social, political, or religious group. The BIA concluded that there was insufficient evidence to find the current country conditions were such that Daniel would more likely than not face persecution or torture upon his return to Haiti.

On appeal, Daniel argues that the BIA erred in holding (1) that the evidence showed that the country conditions have changed in Haiti since he fled in 1993, and (2) that, as a result of these changed conditions, he no longer has a reasonable fear of persecution at the hands of the former Haitian military.[1] Daniel also asserts that the BIA violated his due process rights by taking judicial notice of alleged changed conditions in finding that he was not more likely than not to be tortured upon his return, while failing take notice of the articles he attached to his BIA brief showing that the former Haitian military was continuing to wreak havoc.

---

[1] Daniel does not raise any challenge in his appellate brief to the denial of his asylum claim as untimely or to the denial of his claim for relief under CAT. Accordingly, he has abandoned these issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

## II. DISCUSSION

When the BIA issues a decision, we review only that decision, "except to the extent that the BIA expressly adopts the IJ's" decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA did not expressly adopt the IJ's decision, instead relying on its own reasoning. Therefore, we review only the BIA's decision. "To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

The BIA's factual determinations are reviewed under the substantial evidence test, and this Court must affirm the BIA's decisions "if [they are] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (citation and quotations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).[2]

---

[2] The scope of our appellate review is limited to the administrative record on which the IJ's order of removal is based. 8 U.S.C. § 1252(b)(4)(A); see also In re Fedorenko, 19 I. & N.

4

To qualify for withholding of removal under the INA, an alien must show that, if returned to his country, "the alien's life or freedom would be threatened" on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287. If a petitioner is unable to meet the standard of proof "for asylum, he is generally precluded from qualifying for . . . withholding of removal. Al Najjar, 257 F.3d at 1292–93.

Where an alien has established past persecution in his country on account of a statutorily protected ground,

> it is presumed that his life or freedom would be threatened upon return to his country unless the INS shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so.

---

Dec. 57, 74 (BIA 1984) (holding that it was inappropriate for the BIA to accept new evidence proffered by the respondent that was not before the IJ because the BIA was "an appellate body whose function [was] to review, not to create, a record"). Furthermore, we conclude that, contrary to Daniel's claim, the evidence shows that the BIA, in its decision, did not take judicial notice of the changed conditions in Haiti, but instead relied on the evidence included in the administrative record. Thus, the BIA did not violate Daniel's due process rights by refusing to review documents that were not included in the administrative record compiled by the IJ. See 8 U.S.C. § 1252(b)(4)(A); In re Fedorenko, 19 I. & N. Dec. at 74.

5

Mendoza, 327 F.3d at 1287. Nevertheless, even an alien who has not shown past persecution may still be entitled to withholding of removal "if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Id. (citing 8 C.F.R. § 208.16(b)(2)). An alien need not show that he would be singled out for persecution if he establishes that in his home country "there is a pattern or practice of persecution of a group of persons similarly situated to [him] on account of [a protected ground]." 8 C.F.R. § 208.16(b)(2)(i). If the threat of violence equally affects all people in a country, without regard for their membership in a group or class recognized by the INA, then that general threat of violence "will not support a finding of a well-founded fear of persecution." Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005).

A review of the record shows that the BIA's finding of changed conditions is supported by substantial evidence. While the evidence reveals that Haiti suffers from abject poverty and violence, there is no indication that members of the former military would single out Daniel for persecution on account of his 1993 anti-military activities; that is, there is insufficient support for a belief that the threat of violence is greater for people in Daniel's identified social, political, or religious class. Thus, Daniel has failed to establish that members of the former

military will engage in a pattern or practice of targeting its circa-1993 opponents on account of a statutorily protected ground.

### III.  CONCLUSION

Daniel has petitioned us to review the BIA's order dismissing his appeal from the IJ's denial of his claim for withholding of removal under the INA.  The BIA concluded that country conditions had changed such that former anti-military demonstrators would not be singled out for persecution.  Because substantial evidence in the record supports this conclusion, we **DENY** the petition.