[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

No. 07-15888
Non-Argument Calendar

_____

Agency No. A97-937-577

ROBENSON LOUIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 16, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Robenson Louis, a native and citizen of Haiti proceeding pro se, petitions

this court for review of the Board of Immigration Appeals's ("BIA") affirmance of

the Immigration Judge's ("IJ") order of removal. After a thorough review of the record, we deny the petition.

Louis arrived in the United States from Haiti on a business visa in December 2003 and exceeded his authorized stay. The Department of Homeland Security issued a notice to appear charging him with removability under INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Louis applied for asylum,[1] alleging that he had been persecuted in Haiti based on his political opinion and work as a journalist in which he often criticized President Aristide. According to the asylum application and Louis's testimony at the removal hearing, between 2001 and 2003, Louis received a threatening phone call and he twice was approached by armed men looking for journalists.[2] In addition, while a student at the university in 2002, Louis was a member of the Federation of Haitian University Students ("FEUH"), which was affiliated with an organization called Group 184 designed to bring about governmental change, and he participated in demonstrations. During a demonstration in July 2003, the chimeres Lavalas[3] threw stones at demonstrators and fired shots. On December 5, 2003, he participated in a demonstration with

---

[1] Because Louis offers no argument on the denial of withholding of removal or CAT relief, he has abandoned those issues. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).

[2] Because the IJ did not make an adverse credibility finding, we consider Louis's testimony credible.

[3] The chimeres Lavalas are supporters of Aristide.

about 200 people on campus to denounce Aristide's dictatorship. Lavalas members arrived and attacked the demonstrators, breaking the legs of the faculty director. A man from Louis's neighborhood recognized Louis and threatened him, but Louis was able to escape unharmed and run to the radio station, where he learned employees were receiving threatening phone calls from Lavalas members who accused the station of opposing Lavalas. Following this incident, Louis went into hiding. Then, on December 15, 2003, a group of armed men associated with Lavalas came to his home, shot at the house, and banged in the gate demanding to see the journalist. Louis fled through the rear door and two weeks later came to the United States. Prior to his arrival, Louis had traveled to the United States for business and vacation about six times and had not requested asylum during any of these visits.

In support of the asylum application, Louis submitted numerous articles detailing threats made to journalists and radio stations in Haiti between 2000 and 2005.[4] Between 2000 and 2005, journalists were threatened, harassed, kidnaped and killed. Other articles described the rampant violence occurring in Haiti, and one article urged U.S. citizens to leave Haiti due to violence.

The IJ denied relief, finding that there was no nexus between the alleged

---

[4] Neither Louis nor the government submitted any of the State Department's Country Reports for Haiti.

incidents and a protected ground, that Louis had not suffered past persecution, and that he had not shown a well-founded fear of future persecution. The IJ noted there was no evidence that Louis was well known or that Lavalas would be looking for him should he return. Thus, the IJ found that there was no evidence Louis could not relocate. On appeal to the BIA, the BIA concluded that the IJ had erred in finding that Louis was not targeted due to his political opinion, but that the incidents did not rise to the level of past persecution. The BIA further found that there was no well-founded fear of future persecution, as Louis could have relocated. This petition for review followed.

Louis argues that he established past persecution and a well-founded fear of future persecution in light of the repeated threats Lavalas members have made towards journalists. Louis also asserts that Lavalas's affiliation with the government and its free reign over Haiti make it impossible for him to relocate to avoid future harm, and that he was not required to show an inability to relocate because the persecution was sponsored by the government.[5]

The government responds that Louis failed to show an inability to relocate and, because there was no evidence that the alleged persecution was government sponsored, Louis had the burden to show it was unreasonable for him to relocate.

---

[5] In support of this claim, Louis cites the State Department's Country Reports from 2003 and 2004. As noted above, he did not submit these reports to the IJ, and, therefore, they are not properly before this court. 8 U.S.C. § 1252(b)(4)(A).

4

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual determinations are reviewed under the substantial evidence test, and this court "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation omitted). A finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). "Under this highly deferential standard of review, denial of relief may be reversed only if the evidence would compel a reasonable fact finder to conclude that the requisite fear of persecution exists." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 (11th Cir. 2007). Legal determinations, however, are reviewed de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006).

To be eligible for asylum, an applicant must prove that he is a "refugee" within the meaning of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(b)(1)(A); see generally Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231-32 (11th Cir. 2007). A "refugee" is defined, in relevant part, as:

> any person who is outside any country of such person's nationality ...
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

An applicant can prove refugee status in one of two ways: by demonstrating past persecution or fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 208.13(b).

To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground. 8 C.F.R. § 208.13(b)(1); Sanchez Jimenez, 492 F.3d at 1232. A showing of past persecution creates a presumption of a "well-founded fear," subject to rebuttal by the government. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). If the applicant fails to demonstrate past persecution, an applicant may still establish asylum based upon proof of a well-founded fear of future persecution by showing (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground. 8 C.F.R. § 208.13(b)(2)(i); Sanchez Jimenez, 492 F.3d at 1232. Once the applicant makes an initial showing of fear of future persecution, the government may rebut the applicant's evidence by demonstrating, based upon a preponderance of the evidence, that the applicant could avoid future persecution by relocating within the

country if, "under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 208.13(b)(2)(ii).

Here, we will assume without deciding that Louis established past persecution and was entitled to the rebuttable presumption of future persecution. The issue is whether Louis could have relocated.[6]

In evaluating whether it is reasonable for Louis to relocate, we consider whether Louis would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.  8 C.F.R. § 208.13(b)(3).  Under these factors, the government has met its burden to show Louis could have relocated reasonably.  Aristide is no longer in power.  And there is no evidence that Lavalas members know what Louis looks like or would seek him out if he relocated.  Moreover, it appears that Louis fears the general violence that is prevalent in Haiti.  When a threat of violence equally affects all people in a country regardless of their membership in a group or class, such a general threat of

---

[6] Under the regulations, if the threat is government-sponsored, the court should assume that relocation is not an option unless the Attorney General can show that relocation was reasonable. 8 C.F.R. § 208.(b)(3)(ii).  We conclude that the threat was not government-sponsored. Louis alleged that he was persecuted by members of Lavalas, which was an organization supporting Haitian President Aristide.  Aristide is no longer in power and thus, any future threat from Lavalas would not be government-sponsored.  Nevertheless, even if the burden was on the government, we conclude that it was reasonable for Louis to relocate.

violence "will not support a finding of a well-founded fear of persecution." Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005) (cited with approval in Daniel v. U.S. Att'y Gen., 194 Fed. Appx. 708 (11th Cir. 2006) (unpublished)).

For the foregoing reasons, we DENY the petition.